(July 20, 1989)

■ In the Matter of the Estate of WILLIAM F. DOLAN, Deceased. DELMA DOLAN, Appellant; MAUREEN DOLAN et al., Respondents.—Order of the Surrogate's Court, New York County (Marie Lambert, S.), entered September 26, 1988, which, *inter alia,* determined that income taxes on the settlement corpus were to be borne exclusively by the proponent Delma Dolan, unanimously reversed, on the law and on the facts, and the matter remanded for determination of objectants' share to be computed on the basis of the amount remaining after satisfaction of the estate's income tax liability, without costs.

The parties entered into a stipulation in settlement of a will contest. The stipulation, as spread out by the Surrogate upon the record, provided that the objectants would receive $117,000, an amount representing some 45% of the estimated corpus. The proponent, the decedent's widow, was to receive the remaining 55% of the estate. The $117,000 sum to which the objectants were entitled under the stipulation was subject

to variation if the decedent's pension profit-sharing plan payout was substantially more or less than anticipated; the objectants were ultimately to receive 45% of the pension payout in addition to those amounts ascertainable at the time of the stipulation. The stipulation did not address the question of who would satisfy the income tax liability on the pension payout, nor is there any indication that that question had been considered in advance of the stipulation by either the proponent or the objectants. When the substantial tax liability became evident, the proponent proposed that it be shared proportionately. The objectants, however, refused, maintaining in essence that the stipulation's silence on the matter of income tax liability dictated that the proponent, the designated beneficiary of the pension profit-sharing plan under the decedent's probated will, should bear the entire tax liability. While retaining jurisdiction of the matter, presumably to address matters left unresolved by the stipulation, the Surrogate shared the objectants' view that the stipulation's failure to address the tax liability question was determinative. We disagree.

It is clear from the documentary evidence that the shared objective of the parties to the settlement negotiations was to reach an equitable compromise as to the division of the estate corpus. The stipulation spread upon the record only partially reflected a broader understanding to split the estate, 45% to the objectants and 55% to the proponent. We think that this purpose would be frustrated by requiring, in effect, that the proponent satisfy the very substantial State and Federal income tax obligation out of her share of the estate. She would, in that case, be left with substantially less than the objectants despite her nominal 55% share. Certainly, the stipulation's failure to address income tax consequences ought not to have been taken as conclusive of how those consequences were to be borne, particularly when the result of such a construction was plainly contrary to the agreement's overall purpose. Concur—Murphy, P. J., Ross, Milonas, Ellerin and Rubin, JJ.